WYMAN-GORDON COMPANY and ROME INDUSTRIES, INC., Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wyman-Gordon Co. v. Commissioner
Docket No. 32520-83.
United States Tax Court
T.C. Memo 1985-433; 1985 Tax Ct. Memo LEXIS 200; 50 T.C.M. (CCH) 842; T.C.M. (RIA) 85433; August 19, 1985. Richard A. Brady and Richard D. Buik, for the petitioners. Wilton A. Baker and Lawrence D. Garr, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before the Court on respondent's motion for leave to file an amendment to his answer. The year involved in this case is 1978. Respondent's notice of deficiency was mailed to petitioners on August 25, 1983, and the petition was filed on November 18, 1983. Respondent's answer was filed on January 23, 1984. The case was called for trial at the calendar call on December 10, 1984, at Washington, D.C. At that time counsel advised the Court that the primary adjustment set forth in the statutory notice of deficiency that was in dispute herein involved a legal issue concerning the excess loss rules of the consolidated *201 return regulations (see section 1.1502-32(e), Income Tax Regs.) and the relationship of those rules to the forgiveness of a loan made by a parent corporation to its second tier subsidiary. The parties represented that that issue would be submitted to the Court for decision on a stipulation of facts. Also at the calendar call, respondent's counsel advised the Court that he intended to file a motion to amend respondent's answer. Four days later, on December 14, 1984, respondent filed the pending motion to amend answer and alleged generally therein a fact issue concerning whether certain loans made by petitioner Wyman-Gordon Company to its second tier subsidiary, Woods & Copeland, Inc., were in fact loans. Respondent did not identify in his motion the specific amounts he now claims were not loans, nor did he state therein how such amounts should be treated if they are not to be treated as loans. Respondent's motion was taken under advisement by the Court, and the case was continued from the trial calendar, with this division of the Court retaining jursidiction. On January 22, 1985, respondent filed a motion for leave to file a second amendment to his *202 answer. Therein respondent identified a $2,038,161 loan that he claimed was not a true loan, and he asserted in the motion to file a second amendment to answer that the loan was, in fact, an equity investment. Respondent contends that the question of whether the $2,038,161 loan should be treated as an equity investment for tax purposes, rather than as a true loan, simply raises a new theory, that it does not raise a new issue and that it merely supports his original adjustment involving the consolidated return regulations. Respondent also contends that even if the debt-equity question does raise a new issue, that issue is related directly to the consolidated return issue and therefore petitioners should not be surprised or prejudiced thereby. Petitioners contend (and respondent does not dispute) that respondent's agents reviewed the loan in question at the examination level without adjustment, that the consolidated return issue was submitted for technical advice and that the loan was treated as such by the respondent's Interpretative Division. Petitioners argue further that to allow respondent to amend his answer and to challenge the character of the loan at this late point--literally *203 on the morning of the scheduled trial--would cause petitioners substantial prejudice. For the reasons set forth below we agree with petitioners and deny respondent's motions to amend his answer to raise an issue concerning the character of the $2,038,161 loan from petitioner Wyman-Gordon Company to Woods & Copeland, Inc.
Rule 41(b), Tax Court Rules of Practice and Procedure, provides that leave to amend a pleading is to be "freely given when justice so requires." In a recent Court reviewed opinion we stated-- In considering what action we should take on respondent's motion, we think it significant that the substantive issue, which respondent seeks to place before the Court, is already the subject of a pending case with respect to petitioner's taxable year 1977. * * * Thus, petitioners will, in any event, be put to the expense of defending the substantive issue of the disallowance of the deductions in respect to the video tape production. Moreover, we note that the case has not yet been set for trial. Thus, no element of surprise is involved. [Scar v. Commissioner,81 T.C. 855, 864 (1983).] *204 See also Chanik v. Commissioner,T.C. Memo. 1972-174, affd. on other issues 493 F.2d 1182 (6th Cir. 1974), in which respondent's attempt to file an amendment to his answer was denied under circumstances similar to those involved herein. In the instant situation, the debt-equity issue respondent now seeks to raise will not otherwise be litigated. Furthermore, it raises factual questions involving evidence quite dissimilar from the legal analysis which will be necessary to resolve the consolidated return issue. For a discussion of the extensive factual data that is material to the resolution of a debt-equity issue, see Fin Hay Realty Co. v. United States,398 F.2d 694 (3d Cir. 1968); United States v. Uneco, Inc.,532 F.2d 1204 (8th Cir. 1976); Dixie Dairies Corp. v. Commissioner,74 T.C. 476, (1980). Respondent was fully aware that the loan in question was treated as such by petitioner, and respondent's representatives treated it as a loan at all levels of their consideration of the consolidated return issue until this case was called for trial. Respondent explains that a review undertaken *205 shortly before the calendar call of certain documents petitioners filed with the United States Securities and Exchange Commission (which documents respondent's agents have had in their possession for a number of years) raised a number of questions about the $2,038,161 loan and eventually led respondent to submit the instant motions to challenge the character of the loan. The fact that respondent's representatives in 1981, 1982, 1983 and in early 1984 did not become aware of the information already in their possession, which now causes respondent to raise the issue concerning the loan, is perhaps unfortunate but that is no reason to prejudice petitioners' efforts to obtain a resolution of the other issues that were raised by respondent in a timely manner. The obvious time and expense that would be incurred in litigating a debt-equity question involving a $2,038,161 loan are substantial, and we do not consider it unreasonable to require respondent to raise such an issue prior to the time the case is called for trial. In the context of the facts and circumstances of this particular case, we deny respondent's motions. Accordingly, An appropriate order will be issued.